IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PONG GAME STUDIOS CORPORATION, d/b/a PONG MARKETING, | No.: 4:18-cv-00975-MWB |
| Plaintiff | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT |
| v. | |
| MIELE MANUFACTURING, INC., d/b/a MIELE AMUSEMENTS, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT**

Defendant Miele Manufacturing, Inc. ("Miele"), misidentified in the

Complaint as Miele Manufacturing, Inc., d/b/a Miele Amusements, by and through

its undersigned counsel, files this brief in support of its Motion to dismiss the

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     INTRODUCTION**

This action should be dismissed in its entirety because Plaintiff Pong Game

Studios Corporation, d/b/a Pong Marketing ("Pong") has not stated any legally

cognizable claims in the Complaint.  Count I, for defamation, fails to state a claim

because the allegedly defamatory communication is truthful, merely relays official

{01436711;v1 }

public action, and concerns a matter of common interest between the recipients and Defendant. Count II, for tortious interference with contractual relations, fails to state a claim because Plaintiff has not alleged any contractual relationship with which Defendant intentionally interfered or any resulting damages. Moreover, Defendant's conduct was privileged and the Complaint fails to allege, as required, that it was not.

## II.   STATEMENT OF FACTS

Plaintiff is in the business of selling gaming equipment throughout the Commonwealth of Pennsylvania, including to bars and taverns. Pl's Complaint at ¶ 1. Miele is also in the business of selling gaming equipment in Pennsylvania.

Miele sent a letter dated April 26, 2017 (the "Miele Letter") to various Miele customers throughout Pennsylvania. A true and correct copy of the Miele Letter is attached to the Complaint and hereto as Exhibit A. The Miele Letter states that "some Pennsylvania and out-of-state operators are promoting skill games that are not legal in the state of PA" and that "[s]ome of these machines have recently been picked up in the Williamsport, Pittsburgh, and Harrisburg areas." *See* Exhibit A. According to the Complaint, among these "operators" was Pong.

The Complaint states that "the Miele Letter attached a color screenshot of a skill game under the heading "Pong Marketing." Complaint at ¶ 9. However, the Complaint at best misidentifies and at worst misrepresents the nature of the

attachment to the Miele Letter.  As explained in the text of the Miele Letter, the attachment is a handout (the "BLCE Handout") created and distributed not by Miele but by the Pennsylvania State Police's Bureau of Liquor Control Enforcement.  In fact, the Miele Letter describes precisely the circumstances under which the BLCE Handout was publically disseminated: "Recently officers from the bureau of liquor control enforcement have attended several tavern association meetings around the state. At these meetings, they presented a handout that mention [sic] the following imitation skill machines operating within the state are illegal and are currently being seized by the Pennsylvania BLCE. (See back side of this letter.)." *See* Exhibit A.  Thus, the Miele Letter truthfully stated, in accordance with representations of the BLCE contained in the BLCE Handout and made at the BLCE's presentation, that the listed games, including Pong's, had been "found to be illegal and [were] currently being seized by the Pennsylvania [Bureau of Liquor Control Enforcement]." *Id.*

## III.    QUESTION PRESENTED

Whether this Court should grant Miele's Motion requesting dismissal of the Complaint in this action for failure to state a claim.

## IV.    ARGUMENT

Under the now-familiar *Iqbal-Twombly* standard, an action must be dismissed for failure to state a claim if the well-pleaded factual allegations in the

{01436711;v1 }                                          3

complaint – viewed in a light most favorable to the plaintiff and accepted as true – do not "plausibly give rise to an entitlement to relief." *Connelly v. Lane Construction Co.,* 809 F.3d 780, 786 (3rd Cir. 2016).  Under this framework, the Third Circuit Court of Appeals has explained, a court must engage in a three-part inquiry:

> First, it must take note of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 787 (internal citations, quotation marks, and brackets omitted).

Plaintiff's Complaint alleges two causes of action -- for defamation and for tortious interference with business relations.  Both causes of action must be dismissed because the Complaint, on its face, demonstrates no plausible right to relief for either claim.

### A.    PONG's CLAIM FOR DEFAMATION SHOULD BE DISMISSED

Because a plain reading of the Complaint demonstrates that the purportedly defamatory statements were not only true, but were also made on a privileged occasion, Plaintiff's defamation claim should be dismissed.[1]

---

[1] Although truth of an alleged statement and the application of a pertinent privilege are affirmative defenses – and, thus, generally may not be raised in a Motion to Dismiss – courts have consistently recognized that dismissal on such bases is

      i.     <u>The Defamation Claim Should be Dismissed on the Grounds of Truthfulness.</u>

Truth is a complete defense to a claim for defamation. *See Tucker v. Philadelphia Daily News*, 757 A.2d 938, 942 (Pa. Super. 2000) (affirming trial court's conclusion that a complaint did not set forth sufficient facts to sustain a claim for defamation where the statements were true); *see also Dempsey v. Bucknell Univ.*, 76 F. Supp. 3d 565, 580 (M.D. Pa. 2015), *amended in part,* No. 4:11-CV-1679, 2015 WL 999101 (M.D. Pa. Mar. 6, 2015), *and aff'd,* 834 F.3d 457 (3d Cir. 2016) ("In order to be actionable, the words must be untrue[.]"). Plaintiff has not –and cannot – point to any aspect of the letter that is factually inaccurate. The Miele Letter simply informs Miele's customers of something that has transpired – *i.e.*, distribution by the Pennsylvania BLCE of a handout stating that a

---

appropriate where the defense is apparent on the face of the Complaint. *See Ames v. Am. Radio Relay League, Inc.*, 716 F. App'x 115, 118 (3d Cir. 2017) (affirming the trial court's order granting motion to dismiss a defamation claim based on affirmative defenses); *Fanelle v. LoJack Corp.*, 79 F. Supp. 2d 558, 563 (E.D. Pa. 2000) (recognizing that a court may dismiss a defamation claim if it is clear, on the face of the complaint, that the alleged statements were substantially true); *Johnson v. Res. for Human Dev., Inc.*, 860 F. Supp. 218, 221 (E.D. Pa. 1994) ("A privilege to publish defamatory matter is an affirmative defense that has been considered on a Rule 12(b)(6) motion to dismiss . . ., but an affirmative defense will not generally support a Rule 12(b)(6) motion to dismiss."); *Miller v. Shubin*, No. 4:15-CV-1754, 2016 WL 2752675, at *8 (M.D. Pa. May 11, 2016) (dismissing a defamation claim because defendants had not made any false statements and the plaintiff's own "pleadings illustrate[d] the truth")., *aff'd sub nom. Miller v. Cty. of Ctr.*, 702 F. App'x 69 (3d Cir. 2017); *Wilson v. Kerestes*, No. 3:13-CV-3076, 2015 WL 631085, at *13 (M.D. Pa. Feb. 12, 2015) (applying an affirmative defense in dismissing a defamation claim).

number of games, including Pong's, are illegal in Pennsylvania. As such, Count I of the Complaint should be dismissed because there is nothing untrue in the Miele Letter.

Moreover, even if the Miele Letter is not literally true in every respect, Plaintiffs' defamation claim must nevertheless fail because the letter is substantially true. *See Emekekwue v. Offor*, 26 F. Supp. 3d 348, 362 (M.D. Pa. 2014) (distinguishing between literal and substantial truth); *see also Menkowitz v. Peerless Publications, Inc.*, 176 A.3d 968, 983 (Pa. Super. 2017) ("The literal "truth" of a publication need not be established, only that the statement is "substantially true."). "[T]he law does not require perfect truth" and, thus, in the context of a defamation action, "a statement is not considered false unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.* at 978.

Against this backdrop, while the Miele Letter's characterization of the identified games as "illegal" is arguably somewhat incomplete, there is no reason to believe that "the pleaded truth" would have had a "different effect on the mind of the reader." *Id.* Specifically, *a perfectly* accurate statement would have been that the games described in the letter have been deemed illegal by the BLCE and are being seized by them. However, it defies credulity to suggest that the reader would have drawn a material distinction between a declaration that the highest-

ranking law enforcement agency in the state considers certain machines illegal and a declaration that those machines are illegal. Thus, to the extent the Miele Letter contained any errors whatsoever, they are precisely the type of "minor inaccuracies" are not actionable in this Court. *See Emekekwue*, 26 F. Supp. 3d at 362 (quoting *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991).

>           ii.     The Defamation Claim Should be Dismissed Because the Miele
>                   Letter Constitutes a Fair Report on Official Action.

In addition, the Miele Letter is privileged because it contains a fair and accurate report of the official action taken by the State Police and their publicly expressed interpretation of the law. *See Williams v. WCAU-TV*, 555 F. Supp. 198, 201 (E.D. Pa. 1983) ("Under Pennsylvania law, the fair and accurate reporting of official action taken by the police is privileged."). While this privilege is generally exercised by newspapers or other media outlets, it is available to any person. *See Wilson v. Slatalla*, 970 F. Supp. 405, 418 n.3 (E.D. Pa. 1997) (acknowledging that that it was not clear whether the defendants were members of the media and that the existing authority did not plainly indicate whether the privilege was available to "non-press defendants," but ultimately concluding "that Pennsylvania would allow the defendants to claim the privilege."). Furthermore, Restatement (Second) of Torts § 611 cmt. c., which has been adopted in Pennsylvania, *see e.g., Mosley v. Observer Pub. Co.*, 629 A.2d 965, 967 (Pa. Super. 1993), provides:

> The privilege stated in this Section is commonly exercised by newspapers, broadcasting stations and others who are in the business of reporting news to the public. **It is not, however, limited to these publishers. It extends to any person who makes an oral, written or printed report to pass on the information that is available to the general public.**

While the privilege is not absolute and may be lost upon a showing of malice, nothing in the Complaint suggests the existence of such malice on the part of Miele. To overcome the fair report privilege, a plaintiff must establish "common law malice," which requires a showing of ill-will toward the plaintiff, not merely ill-will or disregard toward the truth. *DeMary v. Latrobe Printing & Pub. Co.*, 762 A.2d 758, 764 (Pa. Super. 2000) ("Actual malice [which is required to make out a *prima facie* case for defamation], focuses on the defendant's attitude towards the truth, whereas common law malice focuses on a defendant's attitude towards the plaintiff.").

Here, the Miele Letter itself makes no specific mention of Plaintiff or its products, and the BLCE Handout pictures not only Plaintiff's game but those of other companies. Thus, even if Plaintiff were able to allege or prove that the Miele Letter was not substantially true, it has not pled that Defendant acted with any ill will toward it; therefore, the allegedly defamatory communication is a privileged fair report of official action.

### iii. The Defamation Claim Should be Dismissed Because the Miele Letter concerns a Matter of Common Interest

The publisher of the allegedly defamatory communication (Miele) and its recipients share a common interest in the subject matter of the letter, namely, the legality of certain game machines in Pennsylvania. The Miele Letter contains information that the recipients were entitled to know. *See Emekekwue*, 26 F. Supp. 3d at 364 ("[A] conditional privilege arises "whenever circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know."); *Rockwell v. Allegheny Health, Educ. & Research Found.*, 19 F. Supp. 2d 401, 408 (E.D. Pa. 1998) ("A publication is conditionally privileged if the publisher reasonably believes that the recipient shares a common interest in the subject matter and is entitled to know."). Furthermore, because nothing in the Complaint – aside from bald and conclusory recitation of the elements of the cause of action – indicate that Miele was motivated solely by "spite or ill-will" toward Plaintiff, this conditional privilege has not been lost. *Gaiardo v. Ethyl Corp.*, 697 F. Supp. 1377, 1383 (M.D. Pa. 1986) ("The conditional privilege can however be lost if the defendant is motivated solely by spite or ill-will to the plaintiff instead of the protection of the legitimate common interest."). Notably, as well, the fact that there may have been a

commercial benefit to Plaintiff is irrelevant, since there is nothing in the case law

that indicates the privilege is available only to those acting for altruistic reasons.

## B. THE CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONS SHOULD BE DISMISSED

Count II should be dismissed because the Complaint fails to plead the

necessary elements of a claim for interference with business relations. As

explained in, *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566 (M.D. Pa. 2015)

(Brann, J.):

> In order to plead a viable cause of action for tortious interference with a contract under Pennsylvania law, a party must plead: '(1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.'

*Id.* at 570 (quoting *Remick v. Manfredy*, 238 F.3d 248, 263 (3d Cir.2001)). Here,

Plaintiff does not aver an actual or potential contractual relationship with the

relevant third parties – *i.e.*, the recipients of the Miele Letter. Moreover, far from

adequately pleading "the absence of a privilege . . . on the part of the defendant[,]"

the Complaint plainly demonstrates the *presence* of a privilege.

i.     The Complaint Alleges no Contractual Relationship

As a threshold matter, Plaintiff does not allege that either an actual or prospective contractual relationship existed between it and a third party.  This is the central element of both subsets of this tort.   *See Corr. U.S.A. v. McNany*, 892 F. Supp. 2d 626, 635 (M.D. Pa. 2012) ("Essential to a right of recovery is the existence of a contractual relationship between the Plaintiff and a 'third person' other than the Defendant." (internal brackets and ellipses omitted) (quoting *Kernaghan v. BCI Communications, Inc.*, 802 F.Supp.2d 590, 595 (E.D.Pa.2011)). The single reference to the recipients of the Miele Letter as Plaintiff's "customer" is so broad and unfocused that it falls woefully short of identifying an actual contract in order to meet the *Iqbal-Twombly* specificity requirement.  Moreover, to the extent this Court is willing to interpret that single averment as alleging the existence of a contract, Plaintiff's claim for interference with *prospective* relations nevertheless fails, since the Complaint does not aver – even in the most rudimentary and formulaic manner – that there was a "reasonable probability that a contract would come into existence[.]" *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997).  In fact, the Complaint does not even indicate *with whom* such a contract was reasonably likely to have been formed.

In the absence of specific allegations of actual or prospective contractual relations, Plaintiff also does not, and cannot, meet the second element of the tort,

{01436711;v1 }                                11

because the Complaint does not allege that Miele acted with intent to interfere with any such relations.

Additionally, the Complaint fails the fourth element as well, as it does not adequately allege that Plaintiffs incurred "actual damages" from the alleged interference. To demonstrate "actual damages," a Plaintiff must allege loss of "pecuniary benefits flowing from the contract itself." *Corr. U.S.A. v. McNany*, 892 F. Supp. 2d 626, 642 (M.D. Pa. 2012). Since Plaintiff does not identify a specific contractual relationship, it does not allege the loss of any actual or prospective contract and therefore does not, and cannot, allege any resulting damages. The Complaint offers no hint as to what constituted any alleged damages. Moreover, while lost profits can be recoverable under a claim for tortious interference, the party seeking recovery must show, *inter alia*, that the damages can be calculated with reasonable certainty. Here, the amorphous defendant-did-me-wrong averments do not satisfy this criteria.

ii.    Defendant's Alleged Conduct is Privileged.

Finally, and most fundamentally, the tortious interference claim also fails because Plaintiff has failed to carry its burden of demonstrating that Miele's conduct was not privileged. Notably, under Pennsylvania law, a plaintiff asserting a claim for tortious interference with contractual relationships is required to show that the defendant's conduct was not privileged as part of its *prima facie* case. *See*

*Advanced Fluid Sys., Inc. v Huber*, 28 F. Supp. 3d 306, 338 (M.D. Pa. 2014); *see also Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 214 (3d Cir. 2009) ("While some jurisdictions consider a justification for a defendant's interference to be an affirmative defense, Pennsylvania courts require the plaintiff, as part of his prima facie case, to show that the defendant's conduct was not justified." (internal citations and quotation marks omitted).

With regard to the specific privilege presently at issue, "Pennsylvania has adopted section 768 of the Restatement (Second) of Torts, which recognizes that competitors, in certain circumstances, are privileged in the course of competition to interfere with others' prospective contractual relationships." *Id.* at 215; *accord Advanced Fluid Sys.*, 28 F. Supp. 3d at 338; *see also Mun. Revenue Serv., Inc. v. Xspand, Inc.*, 700 F. Supp. 2d 692, 710 (M.D. Pa. 2010). Section 768 provides:

> (i) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor, or not to continue an existing contract terminable at will, does not interfere improperly with the other's relation if:
>
>> (a) the relation concerns a matter involved in the competition between the actor and the other, and
>>
>> (b) the actor does not employ wrongful means, and
>>
>> (c) his action does not create or continue an unlawful restraint of trade, and
>>
>> (d) his purpose is at least in part to advance his interest in competing with the other.

> (ii) The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will.

Restatement (Second) of Torts § 768.

Plaintiff recognizes that the privilege is implicated here, as the Complaint clearly states that the parties are business competitors. *See* Complaint at ¶ 4 ("Upon information and belief, Miele is in the business of selling gaming equipment in Pennsylvania, in competition with Pong."). Yet, aside from baldly averring that "Miele's conduct [is not] privileged or justified[,]" *id.* at ¶ 36, it does not offer any basis for ignoring the privilege. Plaintiff's allegation is precisely the type of conclusory allegations that Courts have found insufficient under the *Iqbal-Twombly* standard. *See, e.g., Assembly Tech. Inc. v. Samsung Techwin Co.*, 695 F. Supp. 2d 168, 179 n.8 (E.D. Pa. 2010) (holding, in the specific context of a tortious interference claim, that "[d]efendant's conduct was improper, deceptive and without privilege or justification" is insufficient, without more, to satisfy plaintiff's burden to plead absence of privilege"). The only possible allegation that can be extrapolated from the Complaint with any relevance to the privilege issue is that Miele employed "wrongful means." A plaintiff asserting "wrongful means" must demonstrate that the underlying conduct upon which the interference claim is premised was actionable. *See Advanced Fluid Sys., Inc. v. Huber*, 28 F. Supp. 3d 306, 338 (M.D. Pa. 2014) ("[A] defendant cannot be held liable if the conduct

underlying the interference claim is not separately actionable in tort."). Thus, to the extent Plaintiff's interference claim is colorable at all, it is predicated entirely on the success of its defamation claim. However, inasmuch as Count I of the Complaint fails to state a claim for defamation, Miele's alleged conduct is not actionable, the privilege applies, and Count II must also be dismissed.

## V.   CONCLUSION

For the foregoing reasons, this Court should grant Miele's Motion to Dismiss for failure to state a claim and dismiss the Complaint in its entirety.

Respectfully Submitted,

/s/ Matthew H. Haverstick
Matthew H. Haverstick (PA No. 85072)
Shohin H. Vance (PA No. 323551)
Paul G. Gagne (PA No. 42009) (pro hac vice to be filed)
Kleinbard LLC
One Liberty, 46th Floor
1650 Market Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

Counsel for Defendant

Dated:  July 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, the foregoing Memorandum in Support of Motion to Dismiss has been filed electronically and is available for viewing and downloading from the Court's ECF system, and service on Plaintiff will be accomplished by electronic service of a Notice of Electronic Case Filing generated and sent automatically by the Court's ECF system.

/s/ Paul G. Gagne
PAUL G. GAGNE

{01436711;v1 }