# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| PONG GAME STUDIOS CORPORATION, d/b/a PONG MARKETING, | : : : | No.: 4:18-cv-00975-MWB |
| | : | |
| *Plaintiff* | : : | **DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT** |
| v. | : : : | |
| MIELE MANUFACTURING, INC., d/b/a MIELE AMUSEMENTS, | : : | |
| *Defendant.* | | |

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Defendant Miele Manufacturing, Inc. ("Miele"), misidentified in the

Complaint as Miele Manufacturing, Inc., d/b/a Miele Amusements, submits this

brief in further support of his Motion to Dismiss (the "Motion"). As explained

below, Plaintiff's Memorandum of Law in Opposition to the Motion fails to offer

any reasonable grounds for permitting this claim to continue.

### I.   ARGUMENT

In its opening brief, Miele argued that the two-count Complaint, purporting

to state a cause of action for defamation and tortious interference with business

relations, which allegedly resulted from a letter sent to various enterprises (the

{01460907;v1 }

"Miele Letter"), should be dismissed in its entirety, as Plaintiff had failed to allege a plausible basis for relief with respect to either claim. As developed below, Plaintiff does not – and cannot – adequately respond to several dispositive arguments warranting dismissal.

## II.   ARGUMENT

### A. Plaintiff's defamation claim must fail, as the Complaint does not sufficiently allege the basic elements of that cause of action.

Turning, initially, to the defamation count, Plaintiff's argument in favor of proceeding with that cause of action suffers from three principal deficiencies.

*First*, Plaintiff fails to explain how the allegedly defamatory statements were *materially* false, which is an essential element of a defamation claim. *See Kurowski v. Burroughs*, 994 A.2d 611, 619 n.5 (Pa. Super. 2010) ("It is essential to a claim of defamation that the statements are false." (citing *Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986))).[1] As explained in Miele's principal brief, the

---

[1] Plaintiff apparently seeks to cast this aspect of the Motion as solely raising an affirmative defense. Although this contention is belied by the governing authority, which clearly indicates that the truth or falsity of the statement is one of the *prima facie* elements of the cause of action, to the extent this Court agrees with Pong's formulation, its argument against dismissal is nevertheless meritless. Plaintiff is mistaken in suggesting that a defamation claim is subject to dismissal at this stage only if the alleged defamatory statements are somehow affirmatively proven to be true by Miele. To the contrary, far from obligating Miele to "establish" that the alleged defamatory statements are true, the authority relied upon by Pong stands for the unremarkable proposition that, to justify dismissal under Rule 12(b)(6), the substantial truth of those statements must be apparent on the face of the complaint. Indeed, Miele acknowledged this principle in its initial

literal truth of the statement at issue is irrelevant in this context; instead, the guiding inquiry is whether the statement is substantially false, such that, when communicated, it "would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Menkowitz v. Peerless Publications, Inc.*, 176 A.3d 968, 983 (Pa. Super. 2017). Insofar as the threadbare nature of the Complaint made it difficult to decipher which specific statements were allegedly false – and how these purported deficiency could be cured – Plaintiff's response bolsters (rather than undermines) the conclusion that its claim is predicated on statements that are not materially false and, hence, not actionable.

Specifically, the crux of Plaintiff's allegation in this regard is that the Miele Letter's representation that its games were "found to be illegal" was false because no court or administrative agency has issued such a ruling. *See, e.g.*, ECF No. 15 at 3, 7, 9. Plaintiff's exclusive reliance on this single phrase, however, is inconsistent with this Court's directive that the statements must be assessed in their broader context because "words which standing alone may reasonably be understood as defamatory may be so explained or qualified by their context as to make such an interpretation unreasonable." *See Emekekwue v. Offor*, 26 F. Supp.

---

brief in support of the Motion. *See* ECF No. 15 at 4 n.1. Accordingly, regardless of the framework this Court chooses to employ, the inescapable reality remains that the underlying statements on which Plaintiff's claim are based are not false and, therefore, not defamatory.

3d 348, 359 (M.D. Pa. 2014) (quoting *Thomas Merton Cntr. v. Rockwell Intern. Corp.*, 442 A.2d 213, 216 (Pa. 1981)).  Viewed in its totality, the Miele Letter advised the recipients that the games listed therein, which included Plaintiff's games, "have been found to be illegal and are currently being seized by the Pennsylvania BLCE[.]"  In this respect, it is vitally important to note that Plaintiff does not dispute the Miele Letter's pronouncement that the Pennsylvania BLCE is seizing the games listed in that correspondence.  While a "finding" of illegality in legal parlance arguably requires a ruling or decision from an adjudicatory entity, it is clear that the central message of the Miele Letter has nothing to do with developments in case-law; rather, the communication informs the reader that the Pennsylvania BLCE is seizing the games identified in the letter because it has deemed them to be illegal.[2]  Comparing the Miele Letter's likely effect on the reader with that of a hypothetically perfectly accurate statement, *see Menkowitz*, 176 A.3d at 983, the central takeaway is the same – to wit, the BLCE considers Plaintiff's games illegal and, hence, is seizing them.  In sum, Plaintiff is attempting to state a cause of action for defamation based on an impracticable semantic rigidity rejected by Pennsylvania courts.

*Second,* even setting aside Plaintiff's failure to sufficiently allege an indispensable element of defamation, the claim should be dismissed because

---

[2]Indeed, the body of the letter also conveys the same general idea.

{01460907;v1 }                                    4

Plaintiff cannot overcome the conditional privilege to which Miele is entitled. As a preliminary observation, it bears noting that Plaintiff does not genuinely dispute that the circumstances of this case implicate both the fair reporting privilege and the common interest privilege. Instead, Plaintiff essentially maintains that Miele is not shielded by those doctrines because it made the statements with malice – *i.e.* for the purpose of harming Pong. Although it is true that neither privilege protects communication that is made with malice, ill-will, spite, intent to harm, or the like, the Complaint is entirely devoid of *any* factual allegations that Miele acted with such intent.[3]

***Third***, although Plaintiff is correct that "one who repeats a defamatory statement 'cannot escape liability merely by attributing the alleged defamation to a third party[,]'" ECF No. 15 at 7, it fails to acknowledge that this principle is inapplicable in the context of the fair reporting privilege. Indeed, the very case Plaintiff relies upon highlights that concept as the "one important exception to the traditional rule that the republish is just as liable as the publisher of the original defamation." *Lal v. CBS, Inc.*, 551 F. Supp. 356, 361 (E.D. Pa. 1982). Because

---

[3] In this regard, it bears emphasizing, once again, that despite Plaintiff's effort to couch ¶ 31 of its Complaint as "allegations" entitled to an assumption of truth under Rule 12(b)(6), that averment is a quintessential exemplar of a "[t]hreadbare recital[] of a cause of action's elements, supported by mere conclusory statements," which need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

the Miele Letter reported on official police action relative to a matter of public import, that line of reasoning is inapposite here.

### B. Plaintiff's defamation claim fails for the reasons set forth above and because the Complaint does not identify a central element of the tort.

In addition to suffering from the same fatal defects that necessitate dismissal of its defamation claim, Plaintiff's tortious interference claim should also be dismissed for another independent reason.  Specifically, Plaintiff continues to maintain that, although the cause of action is necessarily predicated on a contract factors, it does not need to identify the contract that was allegedly interfered with, or the parties involved.  In support of this novel construct, Plaintiff cites an unpublished opinion from the Eastern District of Pennsylvania, which, at any rate, is not helpful to its cause.  *Aetna, Inc. v. Health Diagnostic Lab. Inc.*, No. CV 15-1868, 2015 WL 9460072, at *6 (E.D. Pa. Dec. 28, 2015).  To illuminate, although the Court in *Aetna* agreed that a Complaint's failure to identify every contract is not *per se* fatal to its tortious interference claim, it explained that Plaintiff had described with significant specificity the nature and contents of the contract and, thus, a list of all the contracts was not required.  *See id.*  Conversely, here, the Complaint does not describe any contract with even minimal particularity.  Thus, Plaintiff cannot avail itself of the rationale in *Aetna*.

Plaintiff's secondary argument in this respect is also meritless.  Although Plaintiff is correct that, "when a lack of specificity in a compliant is attributable to the defendant's control of the relevant information," dismissal at the pleading stage is generally inappropriate, it defies logic to suggest that Miele is in control of the information relevant to the tortious interference claim.  Most fundamentally, to proceed on a cause of action for tortious interference, there must be a contract between Plaintiff and one of its customers.  The Response fails to explain how Miele, rather than Plaintiff, would have control of information relating to contracts between Plaintiff and others.

Finally, Plaintiff and Miele are in agreement that there is substantial overlap between the defamation and tortious interference claims.  Accordingly, for the reasons set forth in Section II(A), this Court should also dismiss the cause of action alleged in Count II.

### III.   <u>CONCLUSION</u>

For the foregoing reasons – and for the reasons set forth in Miele's opening brief – this Court should grant the Motion to Dismiss and dismiss this action in its entirety with prejudice.

/s/ Matthew H. Haverstick
Matthew H. Haverstick (PA No. 85072)
Paul G. Gagne (PA No. 42009)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
One Liberty, 46th Floor
1650 Market Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Defendant*

August 15, 2018

## CERTIFICATE OF SERVICE

I certify that, on August 15, 2018, I served all parties by filing the foregoing

on the Court's ECF filing system.


*/s/Shohin H. Vance*
Kleinbard LLC
One Liberty, 46th Floor
1650 Market Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Defendant*