**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PONG GAME STUDIOS CORPORATION, d/b/a PONG MARKETING, | : : : : | No.: 4:18-cv-00975-MWB |
| *Plaintiff* | : : : | |
| v. | : : : | |
| MIELE MANUFACTURING, INC., d/b/a MIELE AMUSEMENTS, | : : : : : | |
| *Defendant.* | : : | |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the Federal Rules of Civil Procedure and the corresponding Local Rules, *see* Fed.R.Civ.P. 26(f)(2); *see also* L.R. 16.3, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

**1.1. Separately, for each party, please give a statement summarizing this case:**

**By Plaintiff**: Plaintiff is in the business of selling legally available gaming equipment throughout the Commonwealth of Pennsylvania, including to bars and taverns. As set forth in the Complaint, on or about April 26, 2017, Defendant sent a letter (the "Miele Letter") to several of its customers throughout Pennsylvania, in which it represented that "some Pennsylvania and out-of-state operators are promoting skill games that are not legal in the state of PA" and that "[s]ome of these machines have recently been picked up in the Williamsport, Pittsburgh, and Harrisburg areas. Included among these "operators" was Plaintiff, as Defendant's

letter attached a color screenshot of a skill game associated with Plaintiff. The attachment to the Miele Letter falsely represented that the listed games, including Plaintiff's, had been "found to be illegal and [were] currently being seized by the Pennsylvania [Bureau of Liquor Control Enforcement." The Miele Letter constituted defamation *per se* and tortious interference with existing and prospective business relations with Plaintiff's customers.

**By Defendant**: Plaintiff and Defendant are in the business of selling and marketing gaming equipment in the Commonwealth of Pennsylvania. On or about April 26, 2017, Defendant transmitted a letter (the "BLCE Letter") to its customers in Pennsylvania, informing them that operators had been actively promoting games that had been recently subject to seizure by the state's law enforcement officials and, thus, are not legal. The BLCE Letter did not specifically reference Plaintiff, or, for that matter, any other person or entity. However, attached to the BLCE Letter was a reproduction of handout created and distributed by the Pennsylvania State Police's Bureau of Liquor Control Enforcement, which depicted, various games that had been deemed illegal by that agency, including, *inter alia*, a game manufactured by Pong.

### 1.2. The facts the parties dispute are as follows:

The parties dispute the source of the aforementioned attachment to the letter in question and, relatedly, the source of the information conveyed by the correspondence. Although it is not clear at this juncture, there may also be a dispute regarding the identity of specific recipients of the letter, as well as the nature of the relationship between them and Plaintiff.

agree upon are as follows:

The parties do not dispute that Defendant transmitted the letter that is substantially identical to the correspondence attached to Plaintiff's complaint.

### 1.3. The legal issues the parties dispute are as follows:

The legal issues in dispute are generally set forth in the filings associated with Defendant's Motion to Dismiss, which is currently pending before this Court. Specifically, those issues are:

a. Whether the letter in question is false, as that term has been defined in the context of defamation.  Specifically, to the extent the letter contains any factual inaccuracies, Defendant maintains that such discrepancies do not rise to the level of material falsehood necessary to advance a defamation claim. Plaintiff counters that the letter is false and defamatory *per se*.

b. Whether the fair reporting privilege and the common interest privilege apply to Plaintiff's defamation claim.

c. Whether Plaintiff had an actual or prospective contractual relationship with the recipients of the letter, which is a necessary element of its tortious interference claim.

agree upon are as follows:

The parties agree that they are business competitors and, thus, Plaintiff must establish that Defendant employed "wrongful means" to succeed on their tortious interference claims (Count II).

**1.4.    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

At this time, the parties are not aware of any unresolved issues pertaining to service of process, personal jurisdiction, subject matter jurisdiction, or venue.

**1.5.    Identify any named parties that have not yet been served:**

At this time, all named parties have been served.

**1.6.    Identify any additional parties that:**
Plaintiff(s) intend to join: none.
Defendant(s) intend to join: none.

**1.7.    Identify any additional claims that:**

At this time, the parties do not intend to add any additional claims.

## 2. Disclosures

The undersigned counsel certify that they will make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within the time provided by that rule, except that, pursuant to Rule 26(a)(1)(C) and 26(f)(3)(A), Plaintiff objects that initial disclosures are not appropriate before disposition of Defendant's Motion to Dismiss.

### 2.1. Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Defendant:

Louis D. Miele

President, Miele Manufacturing

Disclosed by Plaintiff:

Fernando Di Carlo

President and CEO, Pong Game Studios Corporation

## 3. Early Motions

With the exception of the Motion to Dismiss currently pending before this Court, the parties are not aware of any motion whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation.

## 4. Discovery

The following responses are based on the parties' preliminary assessment and subject to this Court's disposition of the Motion to Dismiss.

### 4.1. Briefly describe any discovery that has been completed or is in progress:

The parties have not commenced discovery.

### 4.2. Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what

**kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

Plaintiff will depose Louis Miele – who is President of Miele Manufacturing and author of the letter in question – regarding the circumstances surrounding the transmission of said correspondence and its attachment, its recipients, decisions surrounding it, and Defendant's communications with the Commonwealth of Pennsylvania and its agencies.  Plaintiff will also depose a designated representative of Defendant under Federal Rule of Procedure 30(b)(6) regarding the same topics.

Defendant will depose a designated representative of Plaintiff corporation under Federal Rule of Procedure 30(b)(6) regarding the existence, nature, and extent of the alleged contractual relationship(s) upon which their tortious interference claim is predicated.

Defendant contends that third-party discovery involving the Commonwealth of Pennsylvania and/or one of its agencies will also be necessary to establish the source of the flyer that accompanied the letter in question.  Plaintiff may also require third-party discovery from the letter's recipients.

**4.3. Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

No dispute exists at this time regarding the general scope and object of discovery.

**4.4. Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

Aside from the generally-recognized limits on discovery under the Federal Rule of Civil Procedure 26, the parties have not identified any specific subject area limitations relative to the scope of discovery at this time.

**4.5. For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on**

**an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Plaintiff and by Defendant:**

The parties have agreed on the following general framework:

### 4.5.1. Depositions (excluding experts) to be taken by:

Plaintiff: 5

Defendant: 5

### 4.5.2. interrogatories to be served by:

Plaintiff: 25

Defendant: 25

### 4.5.3. document production requests to be served by:

Plaintiff: 40

Defendant: 40

### 4.5.4. requests for admission to be served by:

Plaintiff: 40

Defendant: 40

## 4.6.   Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that – at this time – they are in agreement about how those matters will be addressed in discovery.

## 5.  Protective Order

Neither party is seeking a protective Order at this time.

## 6. Scheduling

### 6.1. Final date for joining additional parties:

Joinder of any additional parties must occur within fourteen (14) days of the disposition of the Motion to Dismiss.

### 6.2. Final date for amending pleadings:

Any amendments to pleadings, to the extent necessary, must occur within fourteen (14) days of the disposition of the Motion to Dismiss.

### 6.3. All fact discovery commenced in time to be completed by:

180 days following disposition of the Motion to Dismiss.

### 6.4. All potentially dispositive motions should be filed by:

90 days following close of discovery, as established in 6.3 *supra* (*i.e.*, 270 days following disposition of the Motion to Dismiss).

### 6.5. Reports from retained experts due:

For all parties, 30 days following close of discovery, as established in 6.3 *supra* (*i.e.*, 210 days following disposition of the Motion to Dismiss).

### 6.6. Supplementations due:

45 days following close of discovery, as established in 6.3 *supra* (*i.e.*, 225 days following disposition of the Motion to Dismiss).

### 6.7. All expert discovery commenced in time to be completed by:

60 days following close of discovery, as established in 6.3 *supra* (*i.e.*, 240 days following disposition of the Motion to Dismiss).

### 6.8. This case may be appropriate for trial in approximately:

90 days following the filing of any dispositive motions, *see* 6.4 *supra*.

**6.9.    Suggested Date for the final Pretrial Conference:**

Because Defendant's Motion to Dismiss is currently pending before this Court, the parties are not well-situated to propose a date for the final Pretrial Conference or Trial.

**6.10.  Trial**

**6.10.1.  Suggested Date for Trial:** *see* 6.9, *supra*.

**7. Certification of Settlement Authority (All Parties Shall Complete the Certification).**

I hereby certify that the following individuals have settlement authority.

*Plaintiff*:

Name:                    Fernando Di Carlo

Title:                   President and CEO, Pong Game Studios Corporation

Address:                 201 Creditview Road
                         Woodbridge, ON L4L 9T1
                         Canada

Daytime Telephone:       (905) 264-3555

*Defendant*

Name:                    Louis D. Miele

Title:                   President, Miele Manufacturing

Address:                 535 East Third Street
                         Williamsport, PA 17701

Daytime Telephone:       (570) 244-3123.

## 8.  Alternative Dispute Resolution ("ADR")

**8.1.  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

This case has not been assigned to any ADR procedure and the parties have agreed to defer any specific discussions in this respect until a later date.

**8.2.  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

*See* 8.1 *supra.*

**8.3.  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

*See* 8.1 *supra.*

## 9.  Consent to Jurisdiction by a Magistrate Judge.

The parties do not agree to jurisdiction by a magistrate judge of this Court.

## 10. Other Matters

Pursuant to Rule 26(a)(1)(C) and 26(f)(3)(A), Plaintiff objects that initial disclosures are not appropriate before disposition of Defendant's Motion to Dismiss.

## 11. Identification of Counsel.

/s/Joshua Horn
Joshua Horn, Esquire (PA No. 71799)
Thaddeus S. Kirk, Esquire (PA No. 315942)
  (*pro hac vice*)
Fox Rothschild LLP

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone:  (215) 299-2000
Fax:  (215) 299-2150

*Counsel for Plaintiff*
 X  ECF Users
____Waiver requested
 X  Fed. R. Civ. P. 7.1 statement filed.

Dated:  November 30, 2018




/s/ *Matthew H. Haverstick*
Matthew H. Haverstick (PA No. 85072)
Paul G. Gagne (PA 42009) (*pro hac vice*)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Defendant*
 X  ECF Users
____Waiver requested
 X  Fed. R. Civ. P. 7.1 statement filed.

Dated:  November 30, 2018