# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PONG GAME STUDIOS
CORPORATION, d/b/a PONG
MARKETING,

      Plaintiff.

   v.

MIELE MANUFACTURING, INC.,
d/b/a MIELE AMUSEMENTS,

      Defendant.

No. 4:18-CV-00975

(Judge Brann)

## ORDER

### DECEMBER 10, 2018

Background

Pong and Miele are in the business of selling video gaming equipment to Pennsylvania bars.[1]  In 2017, Miele sent a letter[2] to its customers stating that:

> It has come to our attention that some Pennsylvania and out-of-state operators are promoting skill games that are not legal in the state of PA. Some of these machines have recently been picked up in the Williamsport, Pittsburgh, and Harrisburg areas. Miele . . . ha[s] worked very hard over the last 3 years to be able to bring a legal game to you that will not jeopardize your liquor license.  We are also currently working with our PA legislators to make [our games] a positive and revenue-generating replacement for the 40,000 illegal skill, poker, and cherry machines . . . currently in the market.

---

[1]    Complaint (ECF No. 1) ¶¶ 2, 4.

[2]    ECF No. 1-1.

. . .

> Recently[,] officers from the [B]ureau of [L]iquor [C]ontrol [E]nforcement have attended several tavern association meetings around the state.  At these meetings, they presented a handout that mention[s that] the following imitation skill machines operating within the state are illegal and are currently being seized by the Pennsylvania [BLCE].

The reverse of that letter contained a copy of the purported BLCE handout, which stated that games manufactured by Pong were among those that "have been found to be illegal" and were "currently being seized by the BLCE."

On May 8, 2018, Pong filed a complaint in this Court alleging that the mailing was defamatory (Count I) and that it tortuously interfered with Pong's existing and prospective business relations (Count II).[3]  On July 23, 2018, Miele moved to dismiss the complaint for failure to state a claim upon which relief can be granted.[4]

## Discussion

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[5] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[6] the court does

---

[3]   Complaint (ECF No. 1).

[4]   ECF No. 10.

[5]   Federal Rule of Civil Procedure 12(b)(6).

[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

not, however, assume the truth of any of the complaint's legal conclusions.[7]  If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[8]

Miele first argues that Pong's defamation claim should be dismissed because the statements in its letter were true.  A defendant can defeat a defamation claim by showing that the allegedly defamatory statements were true[9] or substantially true.[10] This affirmative defense, however, is proper at the motion to dismiss stage only where the defense is "apparent on the face of the complaint."[11]  The allegedly defamatory statements in Miele's letter are (1) that Pong's games are illegal[12] and (2) that Pong's games are being seized by the BLCE.  Nothing in the complaint shows that either of these statements are true or substantially true.  Therefore, this argument must fail.

---

[7]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[8]  *Id.*

[9]  *Tucker v. Fischbein*, 237 F.3d 275, 287 (3d Cir. 2001).

[10]  *Menkowitz v. Peerless Publications, Inc.*, 176 A.3d 968, 983 (Pa. Super. 2017).

[11]  *Budhun v. Reading Hosp. and Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014).

[12]  Miele argues that its letter never directly stated that Pong's games are illegal, but that its letter simply reported that the BCLE stated that Pong's games are illegal.  While this is perhaps an argument for the application of the fair report privilege, *Medico v. Time, Inc.*, 643 F.2d 134, 137 (3d Cir. 1981), Miele must still, if it wishes to take advantage of the affirmative defense of truth, prove the veracity of both of the allegedly defamatory statements, *see id.* at 137 ("the law indulge[s] the fiction that the republisher of a defamatory statement adopt[s] the statement as his own").

Miele then argues that Pong's defamation claim should be dismissed because the letter simply reported the BCLE's actions vis-à-vis Pong's games.  A defendant[13] can defeat a defamation claim by showing that its statements were a "fair and accurate summary" of official proceedings or reports.[14]  Like the defense of truth, however, the fair report privilege is an affirmative defense for which the defendant bears the burden of proof.[15]  Nothing in the complaint shows that Miele's letter was a "fair an accurate summary" of any of the BLCE's actions; Pong, in fact, disputes Miele's assertion that the BCLE handout was actually published by the BCLE.[16] This argument, then, must also fail.

Miele also argues that Pong's defamation claim should be dismissed because its statements were directed to its customers and were meant to address an issue Miele and its customers were both concerned about—*i.e.*, the legality of video gaming machines.  Allegedly defamatory statements are privileged when they (1) were made to someone with whom the speaker shares a common interest and (2) shared information about that common interest that the recipient was entitled to

---

[13]  It is unclear whether the privilege can be utilized by non-press defendants such as Miele. *Medico*, 643 F.2d at 137 n.9.  For the purposes of this motion, this Court will assume that it can, but Pong is free to raise that issue at a later date.

[14]  *Medico*, 643 F.2d at 137.

[15]  42 Pa. C.S. § 8343(b)(2).

[16]  Pong's Brief in Opposition (ECF No. 15) at 7 n.4.

know.[17]  This privilege, however, can be defeated by showing that the statements were "made for a purpose other than that for which the privilege is given."[18]  Even presuming that the common interest privilege would apply to Miele's statements, this Court can—and therefore must—infer from Pong's allegations[19] that the statements were made to harm Pong's bottom line, not to ensure the legality of video gaming machines in general.[20]  Therefore, Pong has plausibly alleged abuse of the common interest privilege, and this argument fails.

Finally, Miele argues that Pong's claim for tortious interference with contractual relations should be dismissed because Pong has not alleged an injury— *i.e.*, any "actual legal damages"—that have resulted from Miele's letter.  This Court agrees,[21] and will therefore dismiss Count II of Pong's complaint.  That dismissal

---

[17]  *Daywalt v. Montgomery Hosp.*, 393 Pa. Super. 118, 123 (Pa. Super. Ct. 1990).

[18]  *Beckman v. Dunn*, 276 Pa. Super. 527, 537 (Pa. Super. Ct. 1980).

[19]  *See* Complaint ¶ 4 (indicating that Miele is "in competition with Pong").

[20]  For the same reason, Pong has adequately alleged abuse of the fair report privilege.

[21]  *See CBG Occupational Therapy, Inc. v. RHA Health Services, Inc.*, 357 F.3d 375, 384 (3d Cir. 2004) ("Under Pennsylvania law, a cause of action for tortious interference with contractual relations [requires the plaintiff to show] the occasioning of actual legal damage as a result of the defendant's conduct.").

will be without prejudice, however, and Pong may file an amended complaint within seven days of the date of this order.

Therefore, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 10, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Count II of Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

2. Within seven days of the date of this Order, Plaintiff may amend its complaint to correct the identified deficiency.

3. If Plaintiff does not amend its complaint, Defendant's Answer must be filed within 21 days of the date of this Order.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

- 6 -