**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PONG GAME STUDIOS CORPORATION, d/b/a PONG MARKETING, | : : : : | No.: 4:18-cv-00975-MWB |
| *Plaintiff* | : : : | **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| v. | : : | |
| MIELE MANUFACTURING, INC., d/b/a MIELE AMUSEMENTS, | : : : : | |
| *Defendant.* | : : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Miele Manufacturing, Inc. ("Miele"), misidentified in the Amended Complaint as Miele Manufacturing, Inc., d/b/a Miele Amusements, by and through its counsel, hereby Answers the Plaintiff Pong Game Studios Corporation's ("Plaintiff") Amended Complaint as follows:

**PARTIES**

1.      Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

2.      Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

{01699542;v1 }

3.      Admitted in part; denied in part.  Miele admits that it is a Pennsylvania Corporation with its principal place of business at the listed address. Miele denies that is does business as Miele Amusements.  By way of further answer, Miele Amusements is, in fact, a separate corporate entity from Miele.

4.      Admitted in part; denied in part.  It is admitted that Miele is in the business of selling gaming equipment in Pennsylvania, in competition with Pong. Insofar as it relates to Miele Amusement, this allegation is denied for the reason set forth in the preceding paragraph.

<u>**JURISDICTION AND VENUE**</u>

5.      This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits that the parties are citizens of different states, but lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegation.

6.      This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits the same.

<u>**FACTS**</u>

7.      Admitted in part, denied in part.  It is admitted that Exhibit A of Plaintiff's Amended Complaint (the "Letter") appears to be a true and correct copy of correspondence Miele had transmitted to various customers in April 2018;

{01699542;v1 }                                                2

however, Miele lacks sufficient knowledge or information to form a belief about when – if at all – Pong first became aware of the letter in question.

8. Denied as stated. The Letter is a written document, which speaks for itself, and any characterization thereof by Plaintiff is specifically denied.

9. Denied as stated. The Letter is a written document, which speaks for itself, and any characterization thereof by Plaintiff is specifically denied.

10. Denied as stated. The Letter is a written document, which speaks for itself, and any characterization thereof by Plaintiff is specifically denied.

11. This allegation constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

12. Denied as stated. The Letter is a written document, which speaks for itself, and any characterization thereof by Plaintiff is specifically denied.

13. Denied as stated. The Letter is a written document, which speaks for itself, and any characterization thereof by Plaintiff is specifically denied.

14. This allegation constitutes a legal conclusion to which no response is required.

15. Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

16. Admitted. By way of further response, Miele denies that there was any legal or factual basis for the demands in the April 27, 2018 letter.

17.   Admitted.  By way of further response, Miele denies that there was any legal or factual basis for the demands.

18.   Admitted.

19.   It is admitted that Miele has not retracted the statements made in the Letter.  In all other respects, the allegations in this paragraph constitute legal conclusions to which no response is required; to the extent a response is deemed necessary, the allegation is denied.

20.   Admitted in part; denied in part.  It is admitted that Miele employs several retired Bureau of Liquor Control Enforcement officers, who, among other things, visit various "bars, taverns, and other establishments" to further Defendant Miele's legitimate business interests.  The remainder of the allegations in this paragraph are denied.

21.   Denied.

22.   Denied.

23.   Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

24.   Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

25.   Denied.  As set forth above, Miele denies it has engaged in the "conduct" alleged in the preceding paragraph of the complaint.  As for the

remaining allegations in this paragraph, Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

## COUNT I

26.    Miele incorporates by reference its answers in the foregoing paragraphs as if fully set forth here.

27.    This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied as stated.

28.    This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

29.    This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

30.    This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Miele denies making any statements regarding Pong with the intent described in this paragraph.  Otherwise, Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

31.    This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

{01699542;v1 }                                                  5

32.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is required, this allegation is denied.

33.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Miele lacks sufficient knowledge or information to form a belief about the truth of this allegation.

34.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

35.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

36.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

37.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

38.     This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

WHEREFORE, Miele respectfully requests that this Court enter judgment in its favor and against Plaintiff on Count I of the Complaint.

## COUNT II

39.     Defendant Miele incorporates by reference its answers in the foregoing paragraphs as if fully set forth here.

40.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

41.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

42.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

43.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

44.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

45.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

46.   This allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, this allegation is denied.

WHEREFORE, Miele respectfully requests that this Court enter judgment in its favor and against Plaintiff on Count II of the Complaint.

### **AFFIRMATIVE DEFENSES**

1.   The Amended Complaint fails to state a claim upon which relief can be granted.

2.     Upon information and belief, the Amended Complaint was not properly served.

3.     Plaintiff's claims are barred by laches.

4.     Any allegedly actionable statements made by Miele concerning Plaintiff were true or substantially true, or were matters of opinion and were, therefore, privileged under the First and Fourteenth Amendments to the United States Constitution.

5.     Any allegedly actionable statements made by Miele concerning Plaintiff were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

6.     Any allegedly actionable statements made by Miele concerning Plaintiff were not made with knowledge of their falsity or with a reckless disregard of their falsity.

7.     Any allegedly actionable statements made by Miele concerning Plaintiff were qualifiedly privileged.

8.     Any allegedly actionable statements made by Miele concerning Plaintiff were absolutely privileged.

9.     Miele's actions were privileged and Miele did not employ "wrongful means" in allegedly interfering with Pong's contractual relations.

{01699542;v1 }                               8

10.     Plaintiff is not entitled to punitive damages, as it will not be able to establish that Miele acted with either: a) common law malice; or b) knowledge of the falsity of the statements allegedly made or a reckless disregard of the falsity of the statements allegedly made.

Respectfully Submitted,

*/s/ Matthew H. Haverstick*

Matthew H. Haverstick (PA No. 85072)
Paul G. Gagne (PA No. 42009)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Defendant*

January 9, 2019

## CERTIFICATE OF SERVICE

I certify that, on January 9, 2019, I served all parties by filing the foregoing on the Court's ECF filing system.

/s/Shohin H. Vance
Kleinbard LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Defendant*

{01699542;v1 }